IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN LEGAL CENTER,<br><br>    *Plaintiff*,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>    *Defendant*. | Case No. 1:20-cv-00809-ABJ<br><br>(Assigned to Hon. Amy Berman Jackson) |

**MOTION OF THE
NEW CIVIL LIBERTIES ALLIANCE
FOR LEAVE TO FILE
BRIEF AMICUS CURIAE
IN SUPPORT OF NEITHER PARTY**

The New Civil Liberties Alliance (NCLA) respectfully requests leave to file an *amicus curiae* brief in support of neither party. The proposed *amicus* brief is attached to this motion. NCLA files this motion and the proposed brief pursuant to Local Civil Rule 7(o). The Court should grant NCLA leave to file the proposed brief for reasons set forth below.

### MEMORANDUM OF POINTS AND AUTHORITIES

This Court has wide discretion to grant amici leave to file a brief. In this District:

> An *amicus* brief should normally be allowed when a party is not represented … at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case), or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1064 (7th Cir. 1997)).

1

In *Jin*, the court granted *amicus* leave to file an *amicus* brief over the opposition of one of the parties because the court had "an obligation to determine, *sua sponte*, its jurisdiction," and the *amicus*'s filing was the only filing that had suggested that the court lacked jurisdiction—a suggestion that the court ultimately adopted. *Id.* at 138 (referring to the court's earlier decision in the same case in *Jin v. Ministry of State Security*, 475 F. Supp. 2d 54, 57 n.2 (D.D.C. 2007)).

So too here. NCLA suggests in its proposed brief that the Court should not enter default judgment—instead, it should dismiss the case without prejudice—because the Court lacks jurisdiction. The *amicus* brief has unique information and perspective that will likely aid the Court in deciding this case.

This motion and the attached *amicus* brief are timely. Local Civil Rule 7(o)(3) states that an "*amicus* brief shall be filed within such time as the Court may allow." Currently, Defendant FEC's answer to Plaintiff Campaign Legal Center's (CLC) complaint is due by May 24, 2020. *See* ECF No. 6. But the Defendant is nearly certain to not file an answer, a responsive pleading, or seek extension to file such papers by that date because until May 19, 2020 FEC lacked the quorum necessary to even call a vote as to whether it will defend this suit. Consequently, Plaintiff is expected to seek entry of default judgment under Rule 55 of the Federal Rules of Civil Procedure.[1] *Amicus* has therefore filed this motion and the proposed *amicus* brief before Defendant's May 24 deadline to apprise the Court of the serious constitutional concerns with entering default in this matter.

## INTEREST OF AMICUS CURIAE

NCLA is a nonpartisan, nonprofit civil rights organization and public-interest law firm. Professor Philip Hamburger founded NCLA to challenge multiple constitutional defects in the modern administrative state through original litigation, *amicus curiae* briefs, and other advocacy.

---

[1] Campaign Legal Center has done so in at least one other pending case in this district. *Cf.* Affidavit for Default, *Campaign Legal Center v. FEC*, No. 1:20-cv-00588-BAH (May 5, 2020), ECF No. 10; Clerk's Entry of Default, *Campaign Legal Center v. FEC*, No. 1:20-cv-00588-BAH (May 6, 2020), ECF No. 11; Motion for Default Judgment, *Campaign Legal Center v. FEC*, No. 1:20-cv-00588 (May 14, 2020), ECF No. 12. At least one other group has similarly succeeded in obtaining a default judgment against FEC in at least one case. *See Citizens for Responsibility & Ethics in Washington v. FEC*, No. 1:19-cv-02753-RCL (D.D.C. Apr. 9, 2020), ECF No. 9 (order granting plaintiff's motion for default).

The "civil liberties" of the organization's name include rights at least as old as the U.S. Constitution itself, such as the due process of law, jury trial, and the right to live under laws made by the nation's elected lawmakers through constitutionally prescribed channels. Yet these selfsame rights are also very contemporary—and in dire need of renewed vindication—precisely because Congress, federal administrative agencies like the Federal Election Commission (FEC), and even courts have neglected them for so long.

NCLA aims to defend civil liberties—primarily by asserting constitutional constraints on the modern administrative state. Although Americans still enjoy the shell of their Republic, a very different sort of government has developed within it—a type, in fact, that the Constitution was designed to prevent. This unconstitutional state within the Constitution's United States is the focus of NCLA's concern.

In this instance, NCLA is particularly disturbed by the near-certain entry of default judgment against FEC. Entry of a Rule 55 default judgment under the Federal Rules of Civil Procedure is problematic on multiple levels in cases such as this one. *Amicus* respectfully urges the Court to not get into the quagmire of entering a default judgment in a case where the plaintiff lacks Article III standing, the defendant lacks the four votes necessary to even defend itself, and where the plaintiff is asking the Court to decide a political question in an advisory opinion. This Court lacks the constitutional as well as the statutory authority to enter any judgment other than dismissing the case without prejudice.

The *amicus* brief is therefore "desirable," *amicus*'s position is "not adequately represented by a party," and the matters the *amicus* asserts "are relevant to the disposition of the case." L. Civ. R. 7(o). NCLA rarely gets involved as an *amicus* in district-court proceedings, but this case is of utmost importance to the issue of attempted unconstitutional transfer by private parties of executive power and prosecutorial discretion to the federal courts. The motion should, therefore, be granted.

## POSITION OF THE PARTIES

NCLA sought consent in writing from counsel for Plaintiff CLC. Plaintiff does not oppose NCLA's filing of the amicus brief.

This is an unusual situation where Defendant Federal Election Commission (FEC) does not have the required four votes to defend this case brought against it. 52 U.S.C. §§ 30106(c), 30107(a)(6), 30109(a)(8). FEC is made up of six commissioners (52 U.S.C. § 30106(a)(1)), but until May 19, 2020, there were three vacancies. *See FEC Leadership and Structure*, FEC, https://www.fec.gov/about/leadership-and-structure/ (last visited May 20, 2020). On May 19, 2020, the Senate confirmed James E. Trainor III as a fourth FEC commissioner. PN1600, Nomination of James E. Trainor III for Federal Election Commission, 116th Congress, https://www.congress.gov/nomination/116th-congress/1600 (last visited May 20, 2020). As of this filing, FEC has not had the chance to take a vote on the question of whether it will defend this suit. Defendant, therefore, has no counsel of record whom *amicus* could contact to ascertain Defendant's position on this motion. No counsel for FEC is able to enter an appearance until that vote occurs and all four commissioners vote to defend this case. Consequently, it is unknown at this time whether Defendant would consent or withhold consent to NCLA's filing of an *amicus* brief.

While NCLA's brief could be nominally viewed to be in support of the nonparticipating Defendant based on what *amicus* argues in its brief, *amicus* cannot style it as such because FEC's position is unknowable at the present time. To be sure, NCLA is opposed to abuse of power by administrative agencies and to prior licensing of speech—and FEC is no exception, for it has occasionally done both. However, given the highly unusual attempt by CLC to ask this Court to do the work of an independent federal agency that lacks a quorum because the political branches of government have been unable to fill vacancies, NCLA wishes to provide the Court with a unique perspective to help the Court navigate these dangerous waters and avoid shipwreck.

## CONCLUSION

NCLA should be permitted to participate as *amicus curiae* in this case, and it should be permitted to file the proposed *amicus* brief. A proposed order accompanies this motion.

Respectfully submitted, on May 22nd, 2020.

/s/ Kara Rollins
Kara Rollins (D.C. Bar No. 1046799)

>Jessica Thompson (D.C. Bar. No. 1542170)
>New Civil Liberties Alliance
>1225 19th St. NW, Suite 450
>Washington, DC 20036
>(202) 869-5210
>Kara.Rollins@NCLA.legal
>Jessica.Thompson@NCLA.legal
>
>*Attorneys for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and distribution to all registered participants of the CM/ECF System. Attorneys for Plaintiff are registered users of the CM/ECF System of this Court. Defendant was served a paper copy of this filing via regular United States mail at its address:

>Federal Election Commission
>1050 First Street NE
>Washington, DC 20463

>/s/ Kara Rollins
>Kara Rollins
>Jessica Thompson

## CERTIFICATE OF COMPLIANCE

I hereby certify that the filing complies with the Local Civil Rules relating to formatting and page limits, being double-spaced, prepared in 12-point proportionally-spaced font, and not exceeding the allotted page or word limits.

>/s/ Kara Rollins
>Kara Rollins
>Jessica Thompson

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CAMPAIGN LEGAL CENTER,

    *Plaintiff*,

v.

FEDERAL ELECTION COMMISSION,

    *Defendant*.

Case No. 1:20-cv-00809-ABJ

(Assigned to Hon. Amy Berman Jackson)

# [PROPOSED] ORDER

The Court having considered the Motion of the New Civil Liberties Alliance for Leave to File Brief Amicus Curiae in Support of Neither Party, and good cause appearing,

**IT IS ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court accepts as filed the *amicus* brief attached to the Motion.

Dated:

_____
Amy Berman Jackson
United States District Judge