# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CAMPAIGN LEGAL CENTER,

    *Plaintiff,*

**v.**

                                       **Case No. 1:20-cv-1778-RCL**

FEDERAL ELECTION COMISSION,

    *Defendant.*

## ORDER

Before the Court is the plaintiff's motion [9] for default judgment.

The Court **FINDS**:

- that the defendant has failed to defend this action and is not is not an infant or incompetent person or in the military service of the United States;

- that a default was properly entered against the defendant, ECF No. 13; *see also* Order, ECF No. 12;

- that that the defendant's failure to act on the administrative complaint designated as MUR 7674 is contrary to law;[1] and,

- that the plaintiff has incurred costs, as defined under 28 U.S.C. § 1920, in the amount of $400 in bringing this action.

---

[1] Whether a Court may find that an agency has unlawfully withheld action when the agency has too few members to muster a quorum is an open question. *See Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 19 n.10 (2013) ("It is a nice point, which we need not resolve here, whether a court can compel agency action that the agency itself, for lack of the statutorily required quorum, is incapable of taking."). The defendant, however, had a quorum during the pendency of MUR 7674 from May 19, 2020 to July 3, 2020. *See* Cong. Rec. S2500 (daily ed. May 29, 2020) (confirming James E. Trainor III as an FEC Commissioner); Letter from FEC Commissioner Caroline C. Hunter to President Donald J. Trump (June 26, 2013) (resigning effective July 3, 2020). As the defendant was statutorily capable of acting on the complaint during that period, the Court need not address the question left open in *Inter Tribal Council.*

Therefore, upon consideration of the motion and supporting affidavit and exhibits, it is

**ORDERED** and **ADJUDGED** that, pursuant to Fed. R. Civ. P. 55(b), default judgment be entered in favor of the plaintiff and against the defendant.

It is further **ORDERED** that, pursuant to 52 U.S.C. § 30109(a)(8)(C), Defendant conform to this Court's Order within ninety days by acting on the plaintiff's administrative complaint.

It is further **ORDERED** that this Court shall retain jurisdiction over this matter until the defendant takes final agency action with respect to the plaintiff's administrative complaint. See *Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001) (noting district court's discretion to "retain jurisdiction until a federal agency has complied with its legal obligations" and to "compel regular progress reports in the meantime"); *Alegent Health-Immanuel Med. Ctr. v. Sebelius*, 917 F. Supp. 2d 1, 3 (D.D.C. 2012) (noting that court may retain jurisdiction in "cases alleging unreasonable delay of agency action").

It is further **ORDERED** that Defendant pay Plaintiff $400 in costs associated with filing this action pursuant to 28 U.S.C. § 1920.

Date: 10/14/20

Royce C. Lamberth
United States District Judge