IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN LEGAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>Defendant. | Civil Action No. 20-cv-0809-ABJ |

**PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT FEDERAL ELECTION COMMISSION**

In light of Defendant Federal Election Commission's ("FEC" or "Commission") continued failure to appear in this case, Plaintiff Campaign Legal Center ("CLC") respectfully renews its motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and this Court's Order. *See* ECF No. 17. CLC hereby incorporates by reference its prior motion, together with the supporting evidence relied upon therein, *see* ECF 11, and provides the following additional uncontroverted facts in support of default judgment.

**PROCEDURAL HISTORY**

On August 23, 2018, CLC filed an administrative complaint with the FEC showing that, during the 2016 Presidential election cycle, 45Committee, Inc. violated the Federal Election Campaign Act by failing to register as a political committee and failing to file reports disclosing its contributors, expenditures, and debts. *See* Mot. for Default Judgment, ECF 11 at 2. The FEC failed to take any public action on CLC's administrative complaint. *Id.* at 4. On March 24, 2020, more than 575 days later, CLC brought this action, challenging Defendant's unlawful failure to act on Plaintiff's administrative complaint. *See* ECF No. 1. Service was effected on the United States

4

Attorney for the District of Columbia on March 25, 2020, such that the FEC's deadline to file a responsive pleading was May 25, 2020. *See* ECF 6. The FEC failed to appear, answer, plead, or otherwise defend this action as required by the Federal Rules of Civil Procedure, and CLC filed a motion for default judgment on June 1, 2020. *See* ECF 11. After service was perfected on September 28, 2020, the Clerk of Court entered a default against the FEC on September 30, 2020, and the Court took CLC's motion for default under advisement that same day. *See* Minute Order, Sept. 30 2020. On March 11, 2021, this Court denied CLC's motion for default without prejudice to a renewed motion if the FEC failed to appear in this case by May 1, 2021. *See* ECF. No. 17. The FEC has failed to appear. Thus, CLC hereby renews its motion for default judgment.

## ARGUMENT

This Court denied CLC's original motion as premature because CLC's "complaint and the instant motion were both filed at a time when the agency did not have a quorum." ECF 17. In light of the FEC regaining its quorum on December 9, 2020, the Court gave the agency until May 1, 2021 to appear in or otherwise defend this case. *See id.* The FEC has still not appeared, answered, pleaded, or otherwise defended this action as required by the Federal Rules of Civil Procedure.

The chronology of this case suggests that the FEC's inaction is not simply a matter of its previous lack of quorum, a need for more time to resolve the underlying enforcement matter, nor the agency's prioritization of other activities. *Cf. Common Cause v. FEC*, 489 F. Supp. 738, 744 (D.D.C. 1980) (analyzing failure to act in light of "the resources available to the agency"); *Telecomm. Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984) [hereinafter *TRAC*] (looking to "the effect of expediting delayed action on agency activities of a higher or competing priority"). Rather, the Commission can only appear in federal court to defend against a lawsuit if four Commissioners affirmatively vote to do so. *See* 52 U.S.C. §§ 30106(c); 30107(a)(6). The

4

Commission's failure to appear in this case most likely reflects an affirmative determination of a controlling bloc of Commissioners that the Commission's failure to act on this matter—a delay of now over 600 days—is *indefensible*, and thus a defense has not been authorized by the necessary four Commissioners.

Fortunately, Congress anticipated precisely this outcome and took steps to provide a remedy for FEC inaction. *See* 52 U.S.C 30109(a)(8)(C) (granting administrative complainants a private right of action to enforce FECA when the FEC (1) unlawfully fails to act and (2) fails to comply with a court order directing the agency to conform its actions with the law). By creating a private right of action, Congress ensured that agency deadlock would not preclude enforcement of campaign finance law. Indeed, it now appears that the *only* way the serious allegations set forth in CLC's administrative complaint will be investigated and adjudicated is if this Court grants CLC default judgment and orders the FEC to conform (by taking action on Plaintiff's administrative complaint) pursuant to § 30109(a)(8). Should the FEC fail to do so, CLC would be entitled to pursue enforcement against 45Committee directly.[1] *See* 52 U.S.C. § 30109(a)(8)(C); *see also, e.g.*, *CLC v. FEC*, No. 1:20-cv-01778-RCL (D.D.C. Feb. 11, 2020) (finding that the FEC had failed to comply with an order to conform its actions to the law by acting on plaintiff's underlying administrative complaint and acknowledging plaintiff's right to sue administrative respondent to remedy alleged violations of federal campaign finance law); *CLC v. Iowa Values*, No. 1:21-cv-00389-RCL (resulting private action under § 30109(a)(8)(C)).

---

[1] As previously noted, this would relieve the FEC of the burden of pursuing enforcement against 45Committee and allow it to focus on other matters on its docket. *See* Mot. for Default Judgment, ECF 11 at 10. It would therefore "avoid any concern about 'the effect of expediting delayed action on agency activities of a higher or competing priority.'" *Id.* (quoting *TRAC*, 750 F.2d at 80).

4

In sum, for the reasons described in CLC's original motion, *see* ECF No. 11, and above, entry of default judgment against the FEC is appropriate. Plaintiff respectfully requests the Court enter an order declaring that the FEC's failure to act is contrary to law in violation of 52 U.S.C. § 30109(a)(8)(C), and directing the FEC to conform within 30 days. Plaintiff further requests that the Court assess $400 in court costs pursuant to 28 U.S.C. § 1920.

| | |
|---|---|
| Dated: May 5, 2021 | Respectfully submitted, |
| | /s/ Mark P. Gaber |
| | Adav Noti (DC Bar No. 490714) |
| | Mark P. Gaber (DC Bar No. 988077) |
| | Molly E. Danahy (DC Bar No. 1643411) |
| | CAMPAIGN LEGAL CENTER |
| | 1101 14th Street NW, Ste. 400 |
| | Washington, DC 20005 |
| | (202) 736-2200 |
| | anoti@campaignlegal.org |
| | mgaber@campaignlegal.org |
| | mdanahy@campaignlegal.org |