**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAMPAIGN LEGAL CENTER,<br><br>    *Plaintiff*,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>    *Defendant*. | Case No. 1:20-cv-0809 (ABJ) |

*AMICUS CURIAE* **BRIEF OF 45COMMITTEE, INC.
SUGGESTING MOOTNESS IN LIGHT OF NEWLY DISCOVERED MATERIAL
INFORMATION OBTAINED FROM THE FEDERAL ELECTION COMMISSION
AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER DECLARING
DEFENDANT HAS FAILED TO CONFORM**

**CORPORATE DISCLOSURE STATEMENT**
**AND**
**LCvR 7(o)(5) & FRAP 29(a)(4)(E) STATEMENT**

Counsel for *amicus curiae* certify that 45Committee, Inc. is a 501(c)(4) nonprofit organization, has no parent corporation, and no publicly held corporation owns ten percent or more of its stock.

No counsel for a party authored any part of this brief. No one other than *amicus curiae*, its members, or its counsel financed the preparation or submission of this brief.

## TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT AND LCVR 7(o)(5)
   & FRAP 29(a)(4)(e) STATEMENT ................................................................................ i

TABLE OF AUTHORITIES ............................................................................................... iii

INTEREST OF *AMICUS CURIAE* ..................................................................................... 1

BACKGROUND ................................................................................................................. 2

    A.   Processing Complaints under the Federal Election Campaign Act ............................ 2

    B.   Plaintiff's Pending Motion for Order Declaring Defendant Has
        Failed to Conform ................................................................................................ 3

    C.   FEC Releases the Vote Certification Showing FEC Has Acted on
        Plaintiff's Complaint ............................................................................................ 3

    D.   45Committee's Administrative Appeal Seeking the Unredacted
        Voting Records ................................................................................................... 5

ARGUMENT ....................................................................................................................... 5

CONCLUSION .................................................................................................................... 7

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Arbaugh v. Y & H Corp.*,
 546 U.S. 500 (2006) ..................................................................................................6

*Aug v. Nat'l R.R. Passenger Corp.*,
 425 F. Supp. 946 (D.D.C. 1976) ...............................................................................5

*Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*,
 892 F.3d 434 (D.C. Cir. 2018) ..................................................................................7

*Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*,
 923 F.3d 1141 (D.C. Cir. 2019) ................................................................................3

*Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*,
 993 F.3d 880 (D.C. Cir. 2021) ..................................................................................2

*Common Cause v. Fed. Election Comm'n*,
 842 F.2d 436 (D.C. Cir. 1988) ..................................................................................3

*Democratic Cong. Campaign Comm. v. Fed. Election Comm'n*,
 831 F.2d 1131 (D.C. Cir. 1987) ................................................................................3

*In re Sealed Case*,
 223 F.3d 775 (D.C. Cir. 2000) ..................................................................................2

*Iron Arrow Honor Soc'y v. Heckler*,
 464 U.S. 67 (1983) ....................................................................................................6

*Knox v. Serv. Emps. Int'l Union, Loc. 1000*,
 567 U.S. 298 (2012) ..................................................................................................6

*Larsen v. U.S. Navy*,
 525 F.3d 1 (D.C. Cir. 2008) ......................................................................................6

*Powell v. McCormack*,
 395 U.S. 486 (1969) ..................................................................................................6

**STATUTES**

5 U.S.C. § 552 ......................................................................................................................5

5 U.S.C. § 706 ......................................................................................................................7

52 U.S.C. § 30106 ................................................................................................................3

52 U.S.C. § 30107 ................................................................................................................3

52 U.S.C. § 30109 .........................................................................................................2, 3, 7

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**OTHER AUTHORITIES**

11 C.F.R. § 111.9 ............................................................................................................................2

11 C.F.R. § 111.10 ..........................................................................................................................2

Fed. R. Civ. P. 12 ............................................................................................................................6

*Statement of Policy Regarding Commission Action in Matters at the Initial Stage
   in the Enforcement Process*, 72 Fed. Reg. 12,545 (Mar. 16, 2007) ...........................................2

## INTEREST OF *AMICUS CURIAE*

45Committee, Inc. ("45Committee") is an independent, social welfare organization tax exempt under section 501(c)(4) of the Internal Revenue Code. 45Committee was established to engage primarily in the policy debate on key national issues and in particular to educate Americans on public policy issues expected to face the 45th President of the United States (whoever that may have ended up being). 45Committee is interested in this case because it is the respondent to an administrative complaint filed by Plaintiff with Defendant Federal Election Commission ("FEC" or "Commission"), designated Matter Under Review 7486 ("MUR 7486"), which is the basis for this lawsuit.

45Committee seeks to participate as *amicus curiae* because two days ago, on January 5, 2022, it obtained from the FEC, through the Freedom of Information Act ("FOIA"), previously undisclosed information showing that on June 23, 2020, the FEC voted on the underlying administrative complaint at issue in this case. 45Committee sought and obtained from the FEC a heavily redacted official, stamped vote certification indicating that the FEC in fact "took . . . actions" on Plaintiff's administrative complaint 19 months ago and thus had complied with the Court's November 8, 2021 default judgment order (long before it was issued). Despite the redactions, which 45Committee is challenging in an administrative appeal, the FEC's threadbare initial FOIA production reflects that the Commission actually reviewed, considered, and took action on the underlying administrative complaint, and, significantly, likely voted against any enforcement action. Had the FEC simply appeared and disclosed this essential information to the Court, this matter could have been dismissed as moot long ago without wasting the Court's time and resources.

45Committee's *amicus curiae* brief will assist the Court by submitting this new information, which is material to Plaintiff's pending Motion for Order Declaring Defendant Has Failed to Conform to the November 8 order. The FEC's action on Plaintiff's administrative complaint suggests that this case is moot and, as a result of the Commission's silence in this case, the Court inadvertently issued an advisory opinion on the basis of a mistaken premise that the FEC

1

had not acted. In light of this new information, the Court should dismiss Plaintiff's complaint as moot, vacate its November 8 order, and deny Plaintiff's Motion because the FEC has complied with the Court's November 8 order to act on Plaintiff's administrative complaint. At a minimum, the Court should hold Plaintiff's Motion in abeyance pending the Court's review of the FEC's unredacted voting records related to Plaintiff's administrative complaint.

## BACKGROUND

### A.   Processing Complaints under the Federal Election Campaign Act

Under the Federal Election Campaign Act of 1971 ("FECA"), "[a]ny person . . . may file a complaint with the Commission." 52 U.S.C. § 30109(a)(1). When such an administrative complaint has been filed with the FEC, the bipartisan, six-member Commission's only action to take on the complaint is to hold a "vote" on whether, based on the complaint and any responses, the Commission "has reason to believe" a respondent has committed or is about to commit a violation of FECA. *Id.* § 30109(a)(2). Only when an "affirmative vote of 4" commissioners finds "reason to believe" may the FEC initiate an enforcement action and investigate an alleged violation. *Id.*; *see also* 11 C.F.R. §§ 111.9(a), 111.10(b). Alternatively, a majority of the Commission may vote to dismiss a complaint outright, either because there is no "reason to believe" a violation occurred or simply as a matter of discretion.

If the Commission splits on whether to proceed with an enforcement action, and thus does not have four votes to proceed, the split vote results in a so-called "deadlock dismissal[]." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 993 F.3d 880, 891 (D.C. Cir. 2021); *see also Statement of Policy Regarding Commission Action in Matters at the Initial Stage in the Enforcement Process*, 72 Fed. Reg. 12,545, 12,546 (Mar. 16, 2007) ("[T]he Commission will dismiss a matter . . . when the Commission lacks majority support for proceeding with a matter."). In other words, a split vote on whether to initiate enforcement based on the administrative complaint, in practical terms, results in an agency "action" terminating the complaint, as there are not enough votes to proceed with enforcement under FECA. *See In re Sealed Case*, 223 F.3d 775, 780 (D.C. Cir. 2000) (a "no-action decision [is] made by the Commission itself, not the staff, and

2

precludes further enforcement"); *see also Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 923 F.3d 1141, 1142 (D.C. Cir. 2019) (Griffith, J., concurring in the denial of rehearing en banc); *Democratic Cong. Campaign Comm. v. Fed. Election Comm'n*, 831 F.2d 1131, 1133 (D.C. Cir. 1987) (Ginsburg, J.) (recognizing deadlock dismissal as judicially reviewable action). The commissioners voting against enforcement typically release one or more Statements of Reasons explaining their vote. *See, e.g.*, *Common Cause v. Fed. Election Comm'n*, 842 F.2d 436, 449 (D.C. Cir. 1988).

### B. Plaintiff's Pending Motion for Order Declaring Defendant Has Failed to Conform

In the present case, Plaintiff filed an administrative complaint against 45Committee in MUR 7486, but Plaintiff alleges that the FEC has "failed to act" on its administrative complaint. The FEC has never made an appearance in this case, and on November 8, 2021, the Court entered default judgment against the Commission. The Court's November 8 order, consistent with the relief requested by Plaintiff, compelled the Commission "to act on the administrative complaint" in MUR 7486 within 30 days. The FEC remained silent during that period, and Plaintiff has now filed a pending Motion for Order Declaring Defendant Has Failed to Conform with the Court's November 8 order, asserting that the FEC has not "provided any evidence that it has acted on the administrative complaint." Dkt. No. 26, at 2. If such order is entered, it will allow Plaintiff to bring a direct lawsuit against 45Committee based on its administrative complaint, 52 U.S.C. § 30109(a)(8)(C), without any preceding input from the agency delegated exclusive civil enforcement authority for FECA violations, *id.* §§ 30106(b)(1), 30107(e).

### C. FEC Releases the Vote Certification Showing FEC Has Acted on Plaintiff's Complaint

In response to a FOIA request by 45Committee, the FEC on January 5, 2022, released a heavily redacted vote certification indicating that the Commission in fact has acted on Plaintiff's administrative complaint in MUR 7486—and that it did so nearly 19 months ago. The FEC has not notified the Court of its votes or publicly released its record, but the agency's FOIA response

3

indicates that the Commission has complied with the Court's November 8 order and did exactly what Plaintiff seeks in this case: vote on the administrative complaint.

On November 19, 2021, 45Committee submitted a FOIA request seeking the following:

1. Any vote certifications reflecting votes taken by the Federal Election Commission on the complaint against 45Committee in MUR 7486; and

2. Any Statements of Reasons or other Commissioner opinions concerning the complaint against 45Committee in MUR 7486.

Exhibit 1.

On January 5, 2022, the FEC responded. *See* Exhibit 2. The Commission's response expressly acknowledges the existence of documents responsive to 45Committee's FOIA request—indicating that votes indeed have been held on Plaintiff's administrative complaint and that Statements of Reasons explaining such votes may be in the record. *Id.*

In particular, the FEC produced an amended vote certification reflecting votes held on June 23, 2020, which it heavily redacted under FOIA Exemption 5. Despite the redactions, this amended vote certification indicates that the Commission took multiple votes concerning MUR 7486 in June 2020 (at which time there were four commissioners). *Id.* The only portion of the document that the FEC left unredacted concerns a Commission vote held on whether the agency should defend itself in this lawsuit—information that is not even responsive to 45Committee's FOIA request. *Id.* That the FEC deemed this document responsive indicates that the redacted portion, at least in part, reflects "votes taken by the Federal Election Commission on the complaint against 45Committee in MUR 7486." As there has been no enforcement action in MUR 7486, those votes likely reflect a dismissal, whether unanimous or by split vote.

4

In addition, the FEC acknowledged withholding "five pages of materials responsive to [45Committee's] requests" under FOIA Exemption 5. These five pages likely reflect the Commissioners' Statements of Reasons explaining their votes.

### D. 45Committee's Administrative Appeal Seeking the Unredacted Voting Records

On January 7, 2022, 45Committee filed an administrative appeal challenging the FEC's bases for withholding and redacting responsive information because the FEC is improperly using FOIA Exemption 5 to shield from disclosure its votes on Plaintiff's administrative complaint. Exhibit 3. As explained in 45Committee's administrative appeal, the Commission cannot rely on FOIA Exemption 5 to redact the amended certification or withhold the additional five pages because FOIA itself requires disclosure of Commissioners' votes. *See* 5 U.S.C. § 552(a)(5) ("Each agency having more than one member shall maintain and make available for public inspection a record of the final votes of each member in every agency proceeding."). Yet even if FOIA Exemption 5 were available to the FEC here, the amended certification and the additional five pages are not subject to Exemption 5 because the Commission's final decisions on Plaintiff's administrative complaint are neither pre-decisional nor deliberative. *See Aug v. Nat'l R.R. Passenger Corp.*, 425 F. Supp. 946, 950–51 (D.D.C. 1976) (rejecting claim that votes, and any explanations of those votes, are subject to FOIA Exemption 5). 45Committee intends to exhaust its administrative remedies under FOIA, and if necessary, pursue litigation in this Court to obtain full and complete copies of the vote certification and the other five pages of responsive records being improperly withheld by the FEC.

## ARGUMENT

Based on this new information, the Court should dismiss this case as moot and vacate its November 8 order, which appears to have been issued on the mistaken premise that the FEC had

5

not acted on the administrative complaint. "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008) (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Mootness occurs "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (quotation marks omitted). "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citation omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added)).

This case appears to be moot because the Court cannot grant any effectual relief to Plaintiff in light of the FEC's apparent action on the administrative complaint in June 2020. In its lawsuit, Plaintiff requested two forms of relief from this Court: (1) a declaration that the FEC had not acted on its administrative complaint and (2) an order compelling FEC to act. This Court cannot award any effectual relief requested by Plaintiff because newly obtained information indicates that the FEC already acted on the administrative complaint in June 2020. Because the FEC never entered an appearance to inform the Court of its action, it appears to have caused the Court to have inadvertently issued an advisory opinion in its November 8 opinion when it declared that the FEC had not acted and ordered the FEC to act on the administrative complaint. Because this case appears to have been moot since June 2020, the Court should vacate its November 8 order and dismiss the case as moot.

The Court should also deny Plaintiff's Motion for Order Declaring Defendant Has Failed to Conform. "[A] court may not authorize a citizen suit unless it first determines that the Commission acted 'contrary to law' under FECA or under the [Administrative Procedure Act's] equivalent 'not in accordance with law.'" *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 892 F.3d 434, 440 (D.C. Cir. 2018) (quoting 52 U.S.C. § 30109(a)(8)(C); 5 U.S.C. § 706(2)(A))). Because the FEC's initial response to 45Committee's FOIA request indicates that the FEC long ago acted on Plaintiff's administrative complaint against 45Committee in MUR 7486, FEC has not acted contrary to law.

At a minimum, the Court should hold Plaintiff's Motion in abeyance until the Court has an opportunity to review the Commission's unredacted voting records confirming that the FEC has acted on Plaintiff's administrative complaint. 45Committee submitted its administrative appeal on January 7, 2022, and the FEC has a 20 working-day deadline to decide the administrative appeal under FOIA. 45Committee will promptly inform the Court when the FEC decides the administrative appeal. In the alternative, the Court may wish to order the FEC to submit the unredacted voting records for *in camera* review. Given the FEC's failure to enter an appearance in this case, the Court could order Plaintiff to transmit the order to the FEC's general counsel or the Directors of the Federal Programs Branch at the U.S. Department of Justice's Civil Division, which would typically represent the FEC in a case like this one.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this case as moot, vacate its November 8 default judgment order, deny Plaintiff's Motion for Order Declaring Defendant Has Failed to Conform, or hold that Motion in abeyance.

Respectfully submitted, on January 7, 2022.

/s/ *Brett A. Shumate*
Brett A. Shumate (D.C. Bar No. 974673)
Eric J. Snyder (D.C. Bar No. 1001610)
    (*pro hac vice* forthcoming)
E. Stewart Crosland (D.C. Bar No. 1005353)
    (*pro hac vice* forthcoming)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

*Attorneys for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the filing complies with the Local Civil Rules relating to formatting and page limits, being double-spaced and prepared in 12-point proportionally-spaced font including in the footnotes pursuant to LCvR 5.1(d), and not exceeding the allotted 25-page limit of LCvR 7(o)(4).

/s/*Brett A. Shumate*
Brett A. Shumate

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and distribution to all registered participants of the CM/ECF System. Attorneys for Plaintiff are registered users of the CM/ECF System of this Court. Defendant was served a paper copy of this filing via regular United States mail at its address:

>Federal Election Commission
>1050 First Street NE
>Washington, DC 20463

>/s/*Brett A. Shumate*
>Brett A. Shumate