# EXHIBIT 1

# JONES DAY

51 LOUISIANA AVENUE, N.W.  •  WASHINGTON, D.C.  20001.2113

TELEPHONE: +1.202.879.3939  •  FACSIMILE: +1.202.626.1700

DIRECT NUMBER: (202) 879-3951
scrosland@jonesday.com

November 19, 2021

VIA E-MAIL TO FOIA@FEC.GOV

Federal Election Commission
Attn: FOIA Requester Service Center
1050 First Street, NE
Washington, DC 20463

RE:   **Freedom of Information Act Request by 45Committee, Inc.;**
      **Expedited Treatment Requested**

Dear Sir/Madam:

This submission is made on behalf of 45Committee, Inc. ("45Committee"). Pursuant to the Freedom of Information Act ("the FOIA"), 5 U.S.C. § 552, and 11 C.F.R. § 4.7, 45Committee hereby requests the following information:

1. Any vote certifications reflecting votes taken by the Federal Election Commission on the complaint against 45Committee in MUR 7486; and

2. Any Statements of Reasons or other Commissioner opinions concerning the complaint against 45Committee in MUR 7486.

45Committee requests that the FOIA officer responsible for processing this request issue an immediate hold on all records responsive or potentially responsive to this request, so as to prevent their disposal until such time as a final determination has been issued on the request and any administrative remedies for appeal have been exhausted.

In an effort to facilitate the document review, 45Committee requests that responsive records be produced in electronic form in lieu of a paper production. If a certain portion of responsive records can be produced more readily, 45Committee requests that those records be produced first and the remaining records be produced on a rolling basis as circumstances permit.  45Committee agrees to pay fees up to $1,000.

Furthermore, 45Committee requests expedited processing of this request so that 45Committee—an independent, social welfare organization tax exempt under section 501(c)(4) of the Internal

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Federal Election Commission
November 19, 2021
Page 2


Revenue Code—may inform the public of information related to the FEC's review of the complaint against 45Committee in MUR 7486.

Federal law requires the FEC to produce these records within twenty (20) business days or, in unusual circumstances, within thirty (30) business days. *See* 5 U.S.C. § 552(a)(6)(A)–(B); 11 C.F.R. § 4.7(c). If 45Committee's request is denied, either in whole or in part, please justify all denials by reference to specific exemptions under the FOIA.

If you have any questions about this request by 45Committee, please contact me by email. Thank you for your prompt attention to this matter.


Respectfully,

E. Stewart Crosland

*Counsel to 45Committee, Inc.*

# EXHIBIT 2

**Crosland, Stewart**

---

| | |
|---|---|
| **From:** | FOIA <FOIA@fec.gov> |
| **Sent:** | Wednesday, January 5, 2022 9:01 PM |
| **To:** | Crosland, Stewart |
| **Cc:** | Press |
| **Subject:** | Freedom of Information Act Request to the Federal Election Commission (2022-012) |
| **Attachments:** | 2022-012 Crosland Responsive Records_Redacted.pdf |

** External mail **

<u>VIA ELECTRONIC MAIL</u>

E. Stewart Crosland
Jones Day
51 Louisiana Ave, NW
Washington, D.C. 20001
scrosland@jonesday.com

**Re:     Your Freedom of Information Act Request to the Federal Election Commission (2022-012)**

Dear Mr. Crosland,

This email responds to your Freedom of Information Act (FOIA) request 2022-012, dated and received by the Federal Election Commission's (FEC) FOIA Requester Service Center on November 22, 2021.  Specifically, you requested on behalf of 45Committee:

- **Any vote certifications reflecting votes taken by the Federal Election Commission on the complaint against 45Committee in MUR 7486; and**
- **Any Statements of Reasons or other Commissioner opinions concerning the complaint against 45Committee in MUR 7486.**

On November 19, you waived, on behalf of 45Committee, the confidentiality protections of 52 U.S.C. § 30109(a)(12) and 11 C.F.R. § 111.21.  There are no other respondents in this matter whose waivers would be required to release the records you have requested, which could otherwise be withheld under FOIA Exemption 3.

Attached to this email is a two-page PDF that contains information responsive to your request.  The remainder of the record is redacted under FOIA Exemption 5, which protects from disclosure inter- or intra-agency memoranda or letters that would not be available by law to a party other than an agency in litigation with the agency, including documents covered by the attorney work-product, deliberative process, and attorney-client privileges.  *See* 5 U.S.C. § 552(b)(5).

We are also withholding five pages of materials responsive to your request under FOIA Exemption 5.

Accordingly, we are granting your request in part.

You may contact our FOIA Public Liaison, Christine McClarin, at (202) 694-1485 for any further assistance and to discuss any aspect of your request.  Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they

offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Chief FOIA Officer, Federal Election Commission, 1050 First St., N.E., Washington, DC 20463, or sending an e-mail to foia@fec.gov.  Any such appeal should follow the guidelines set forth in the Commission's FOIA regulations at 11 C.F.R. § 4.8.  Thank you for contacting the FEC.


Sincerely,

Steve N. Hajjar
FOIA Service Center

BEFORE THE FEDERAL ELECTION COMMISSION

| | |
|---|---|
| In the Matter of | ) |
| | )   MUR 7486 |
| 45Committee, Inc. | ) |

AMENDED CERTIFICATION

I, Vicktoria J. Allen, recording secretary of the Federal Election Commission executive session, do hereby certify that on June 23, 2020, the Commission took the following actions in the above-captioned matter:

(b) (5)

(b) (5)

Federal Election Commission                                                Page 2
Certification for MUR 7486
June 23, 2020

(b) (5)

3.  Failed by a vote of 2-2 to:

    Authorize the Office of General Counsel to defend the
    Commission in *Campaign Legal Center v. FEC,* No.
    20-809.

Commissioners Hunter and Trainor voted affirmatively for the motion. Commissioners

Walther and Weintraub dissented.

(b) (5)

Attest:



_____
August 14, 2020
Date

Vicktoria Allen    Digitally signed by Vicktoria
                   Allen
                   Date: 2020.08.14 18:37:56 -04'00'
_____
Vicktoria J. Allen
Acting Deputy Secretary of the
Commission

# EXHIBIT 3

# JONES DAY

51 LOUISIANA AVENUE, N.W.  •  WASHINGTON, D.C.  20001.2113

TELEPHONE: +1.202.879.3939  •  FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3951
scrosland@jonesday.com

January 7, 2022

VIA E-MAIL TO FOIA@FEC.GOV

Gregory R. Baker
Deputy General Counsel & Chief FOIA Officer
Federal Election Commission
1050 First Street, NE
Washington, DC 20463

RE:   FOIA Appeal, No. 2022-012

Dear Mr. Baker:

Pursuant to 11 C.F.R. § 4.8, 45Committee, Inc. ("45Committee") appeals the determination of Steve N. Hajjar (dated January 5, 2022) regarding the Freedom of Information Act ("FOIA") request identified above (dated November 22, 2021). 45Committee requested information that FOIA affirmatively requires the Commission to disclose and is not properly subject to the deliberative process privilege under FOIA Exemption 5. The Commission should promptly reverse the initial determination and release the requested material.

In 45Committee's FOIA request, 45Committee sought the following:

1.   Any vote certifications reflecting votes taken by the Federal Election Commission on the complaint against 45Committee in MUR 7486; and

2.   Any Statements of Reasons or other Commissioner opinions concerning the complaint against 45Committee in MUR 7486.

*See* Exhibit 1.

In its January 5, 2022, determination, the Commission granted in part and denied in part 45Committee's FOIA request. *See* Exhibit 2. Although the Commission provided "a two-page PDF that contains information responsive to your request," the Commission explained that the "remainder of the record is redacted under FOIA Exemption 5." *Id.* The two-page PDF responsive to 45Committee's request is an amended certification from Vicktoria Allen reflecting votes by the Commissioners on the complaint against 45Committee in MUR 7486. The amended certification shows that the Commission took at least three votes. All information regarding the first two votes

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Federal Election Commission
January 7, 2022
Page 2

is redacted under FOIA Exemption 5, but the Commission did not redact information showing that a vote to authorize the General Counsel in litigation failed by a vote of 2-2 of the votes of the four Commissioners.  The Commission further explained that it is "also withholding five pages of materials responsive to your request under FOIA Exemption 5."

The Commission's redactions to the amended certification and withholding of the additional five pages under FOIA Exemption 5 should be reversed for three reasons.

## I.      The Commission Cannot Withhold Vote Certifications That FOIA Requires Be Affirmatively Published.

FOIA itself imposes an independent obligation on the Commission to release its votes. "Each agency having more than one member shall maintain and make available for public inspection a record of the final votes of each member in every agency proceeding."  5 U.S.C. § 552(a)(1)(5).  Indeed, the Commission routinely releases vote certifications reflecting the votes of each Commissioner—even in matters where the Commission deadlocks.[1]  Accordingly, the Commission has no lawful basis to redact any part of the amended certification because it reflects the votes taken by each Commissioner related to the complaint against 45Committee in MUR 7486.  And to the extent the additional five pages of responsive material reflect the Commissioners' votes or reasons for those votes, those pages must be disclosed too.

## II.     The Commission's Final Decisions Are Neither Pre-Decisional Nor Deliberative.

The Commission cannot rely on FOIA Exemption 5 to redact the amended certification or withhold the additional five pages because FOIA itself requires the Commissioners' votes to be disclosed.  But even if FOIA Exemption 5 were available here, the amended certification and the additional five pages are not subject to Exemption 5 because the Commission's final decisions are neither pre-decisional nor deliberative.  By definition, the Commission's amended certification and reasons for those votes cannot be pre-decisional or deliberative because they reflect final decisions—an obvious point that the Commission clearly understands because it routinely releases this information.

FOIA establishes a "strong presumption in favor of disclosure" subject only to a few "narrowly construed" statutory exemptions.  *Multi Ag Media LLC v. Dep't of Agriculture*, 515 F.3d 1224, 1227 (D.C. Cir. 2008).  The only exemption cited in the Commission's determination is FOIA Exemption 5, which is limited to information that is both pre-decisional and deliberative.  *Jordan v. DOJ*, 591 F.2d 753, 774 (D.C. Cir. 1978) (en banc).  For a document to

---

[1] https://www.fec.gov/files/legal/murs/7220/7220_09.pdf; https://www.fec.gov/files/legal/murs/7265/7265_08.pdf; https://www.fec.gov/files/legal/murs/7254/18044436435.pdf.

JONES DAY

Federal Election Commission
January 7, 2022
Page 3

be pre-decisional, it must be "actually antecedent to the adoption of an agency policy." *Id.* at 774. For a document to be deliberative, it must be a "direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C. Cir. 1975). Material that fails *either* of these requirements must be disclosed. The amended certification that the Commission has redacted and the five pages withheld under Exemption 5 fail *both*.

The amended certification is not pre-decisional because it reflects the Commission's final decision. Whether a document is pre-decisional depends on "whether it was generated before the adoption of an agency policy." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980); *see also Jordan*, 591 F.2d at 774 ("The privilege protects only communications … that are actually [a]ntecedent to the adoption of an agency policy."). None of the documents responsive to 45Committee's request were "generated before the adoption of an agency policy." *Coastal States Gas Corp.*, 617 F.2d at 866. The amended certification is *itself* "an agency policy" because it reflects the Commission's final decision on the complaint against 45Committee in MUR 7486. Any explanation for the Commissioners' votes contained in the additional five pages would also reflect the Commission's final decision.

For much the same reasons, the amended certification cannot plausibly be considered deliberative. Documents are "deliberative" only if they "reflect[] the give-and-take of the consultative process," such as with "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Coastal States*, 617 F.2d at 866. Again, the documents requested by 45Committee are not documents that memorialize internal Commission debates about the complaint against 45Committee in MUR 7486; they are documents memorializing the Commission's final decision on the complaint. For that reason, too, the amended certification and the additional five pages must be disclosed.

The U.S. District Court for the District of Columbia has already rejected the Commission's position that the Commissioners' votes—and any explanations of those votes—are subject to FOIA Exemption 5. In *Aug v. National Railroad Passenger Corporation*, a FOIA requester sought Amtrak board meeting minutes reflecting "actions the board has taken, how the individual directors voted and what the nature of the discussions was at each of the board meetings." 425 F. Supp. 946, 948 (D.D.C. 1976). The court rejected Amtrak's argument that this information was exempt from disclosure under FOIA Exemption 5 because "final policy determinations must be made available to the public." *Id*. at 950-51. "Once a recommendation has been adopted by the Board of Directors, it becomes Amtrak 'policy,' loses its exempt status and renders exemption five inapplicable." *Id*. at 950. The court thus ordered Amtrak to disclose "final actions voted upon and approved by the Board," including "the final Board vote[s]." *Id*. at 952.

JONES DAY

Federal Election Commission
January 7, 2022
Page 4

Consistent with this precedent, the Commission should release in full the amended certification and the other five pages being withheld.

## III.   The Commission Cannot Categorically Withhold Documents That Contain Deliberative, Pre-Decisional Material.

Even if the additional five pages of responsive materials contain pre-decisional, deliberative material, the Commission still cannot withhold those pages in full.  Agencies cannot justify broad withholdings with a "sweeping and conclusory citation of an exemption"; rather, "when an agency seeks to withhold information it must provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply."  *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1997).  Hence, "non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007); *see also, e.g., Valfells v. CIA*, 717 F. Supp. 2d 110, 120 (D.D.C. 2010) (explaining that the agency must provide "a 'detailed justification' and not just 'conclusory statements' to demonstrate that all reasonably segregable information has been released").

The Commission's summary invocation of Exemption 5 falls far short of this requirement. It is hard to imagine that that these five pages of responsive materials contain any material exempt from disclosure under FOIA Exemption 5 for the reasons explained above.  But even if those pages do contain some material properly subject to FOIA Exemption 5, the Commission is still required to disclose all non-deliberative "portions" of those five pages—as it has already done by releasing certain portions of the amended certification.  *Sussman*, 494 F.3d at 1116.

If you have any questions about this request by 45Committee, please contact me by email. Thank you for your prompt attention to this matter.

Respectfully,

*E. Stewart Crosland* (signature)

E. Stewart Crosland

*Counsel to 45Committee, Inc.*