# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 22-5164**                            **September Term, 2022**

**1:20-cv-00809-ABJ**

**Filed On: September 14, 2022**

Campaign Legal Center,

       Appellee

    v.

Federal Election Commission,

       Appellee

45Committee, Inc.,

       Appellant

------------------------------

Consolidated with 22-5165

    **BEFORE:**     Millett, Rao, and Childs, Circuit Judges

### O R D E R

Upon consideration of the motion to hold in abeyance, the opposition thereto, and the reply; and the motion for summary affirmance and dismissal, the opposition thereto, and the reply, it is

**ORDERED** that the motion to hold in abeyance be denied.  It is

**FURTHER ORDERED** that the motion for summary affirmance be granted in No. 22-5164 as to the district court's denial of intervention.  The merits of the parties' positions are so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).  The district court did not abuse its discretion in denying appellant's motion to intervene as untimely.  See Assoc. Builders & Contractors, Inc. v. Herman, 166 F.3d 1248, 1257 (D.C. Cir. 1999) ("A motion for intervention after judgment will usually be denied where a clear opportunity for pre-judgment intervention was not taken.") (internal quotation marks omitted).  It is

# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 22-5164**                                             **September Term, 2022**

      **FURTHER ORDERED** that the motion to dismiss No. 22-5165 be granted. "Because a party unsuccessfully appealing a denial of intervention is not a 'party,' it may not obtain review of any district court holding other than the denial of intervention." <u>Defenders of Wildlife v. Perciasepe</u>, 714 F.3d 1317, 1328 (D.C. Cir. 2013) (emphasis removed).

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**